Filed 4/10/25  P. v. Cruz CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ANGEL DEJESUS CRUZ,<br><br>        Defendant and Appellant. | B337306<br><br>(Los Angeles County<br>Super. Ct. No. PA090151) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirming and remanding with directions.

        Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Angel DeJesus Cruz appeals from the denial of his Penal Code section 1172.6 petition for resentencing.[1]  The superior court concluded Cruz failed to make a prima facie showing of eligibility.  While this appeal was pending, the California Supreme Court issued its decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), and we invited supplemental briefing from the parties.  We affirm the superior court's order and remand with directions to consider an amended petition should Cruz seek to file one.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Underlying Crime*

On December 18, 2017, at approximately 11:00 a.m., James Allen was shot while he was walking down Glenoaks Boulevard.  At the preliminary hearing, Allen testified that a "white four-door little car" pulled up next to him, and the driver asked him where he was from.  Allen responded he did not "gang bang."  The driver shot at him twice and hit him once in the right buttock while Allen ran away.  Allen recalled the driver wore a black baseball cap with a yellow "P" embroidered on it.  The driver said, "Fuck Slobs" when he shot Allen.  Allen identified Cruz as the shooter at the preliminary hearing.

The prosecution presented gang expert testimony that the crime was committed for the benefit of the Pacoima Humphrey Boyz gang, and that the gang referred to their rivals, the West Side Piru gang, as "slobs."  Members of the Pacoima Humphrey Boyz gang often wore Pittsburg Pirates baseball caps with a "P" embroidered on them to represent Pacoima.  Additionally, Cruz

---

[1]    All further references are to the Penal Code.

2

had tattoos demonstrating his affiliation with the gang. The shooting occurred within the territory claimed by the gang.

An eyewitness who was driving down the street testified he saw a Latino man shoot a Black man, and the Black man ran away. A neighbor's surveillance camera captured portions of the incident and still images created from the video showed a light blue Honda Element and a man running down the street at the time of the incident. Another witness testified she heard gunshots, and a Black man ran up her driveway asking for help. Her son called 911 but they did not allow the man into their home.

On December 29, 2017, Cruz was pulled over while driving a blue Honda Element. When the police questioned him, Cruz admitted he was involved in the shooting but claimed he was the victim. He told officers a Black man wearing a hat with a "W" for the West Side Piru gang approached him with a handgun. Cruz denied shooting at anyone during that encounter.

B.    *Cruz's Plea*

Cruz was charged with one count of willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a), 664, subd. (a)). It was further alleged Cruz personally and intentionally discharged or used a firearm (§§ 12022.53, subds. (b), (c)), that he personally inflicted great bodily injury on Allen (§ 12022.7, subd. (a)), and that the offense was committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)).

On January 23, 2019, Cruz pleaded no contest to one count of attempted murder without premeditation, and admitted the gang and great bodily injury enhancement allegations. (§§ 187,

3

subd. (a), 664, 186.22, subd. (b)(1)(C), 12022.7, subd. (a).)  Cruz further admitted to personal use of a firearm in violation of section 12022.5, subdivision (a), rather than the firearm enhancements under section 12022.53 with which he was charged.  Defense counsel joined in the plea and admissions, and stipulated to a factual basis based upon the police reports and the preliminary hearing transcript.  Counsel advised the court his factual stipulation was made in accordance with *People v. West* (1970) 3 Cal.3d 595.[2]  The trial court accepted Cruz's plea.

The trial court sentenced Cruz to 24 years in state prison, comprised of the middle term of seven years for the attempted murder, 10 years for the gang enhancement, four years for the firearm enhancement, and three years for the great bodily injury enhancement.  As part of the plea agreement, Cruz also pleaded no contest to assault by means of force likely to produce great bodily injury in a separate case, which added one year to his sentence.  (See § 245, subd. (a)(4).)  Cruz was sentenced to a total of 25 years in state prison.

C.     *The Superior Court Denies the Petition for Resentencing*

On April 21, 2023, Cruz filed a section 1172.6 petition.  He checked boxes in a Judicial Council form petition attesting an information was filed against him that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine, he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder, and he could not presently be convicted of attempted

---

[2]     A *People v. West* plea is "a plea of nolo contendere, not admitting a factual basis for the plea."  (*In re Alvernaz* (1992) 2 Cal.4th 924, 932.)

4

murder due to amendments to the Penal Code.  The superior court appointed counsel and the parties filed briefs.  The People argued Cruz was ineligible for relief because he was the actual shooter, having been convicted of attempted murder with a personal gun use admission.

The superior court denied Cruz's petition without issuing an order to show cause based on its analysis of the charging document and preliminary hearing transcript.  The court relied on the charging document listing Cruz as the sole defendant.  The court also stated, "when I read the preliminary hearing transcript, it was clear to me that and confirmation that the theory going forward with this particular crime was that the defendant himself was the sole perpetrator.  He was not aiding and abetting anyone.  That he was the actual person who discharged the firearm."  According to the court, Cruz's admission to personal discharge of the firearm and personal intentional infliction of great bodily injury buttressed the evidence adduced at the preliminary hearing and helped to establish Cruz was the actual shooter.  The court acknowledged a split of authority regarding the use of the preliminary hearing transcript at the prima facie stage and asserted it did not evaluate witness credibility or decide disputed facts to make its ruling.

Cruz timely appealed.

## DISCUSSION

A.    *Governing Law and Standard of Review*

Senate Bill No. 1437 (2017–2018 Reg. Sess.), effective January 1, 2019, changed the law of murder by eliminating the natural and probable consequences doctrine (see *People v. Gentile* (2020) 10 Cal.5th 830, 842, 847-848) and significantly narrowing

5

the scope of the felony-murder rule (see *People v. Strong* (2022) 13 Cal.5th 698, 707-708).  In 2021, the Legislature amended section 1172.6 to authorize resentencing for "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine."  (§ 1172.6, subd. (a); see *People v. Lee* (2023) 95 Cal.App.5th 1164, 1174.)

Section 1172.6 provides a resentencing procedure for certain persons who were convicted of murder, attempted murder, or manslaughter under the pre-2019 murder laws.  (See *Patton, supra,* 17 Cal.5th at p. 558; *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*); *People v. Lezama* (2024) 101 Cal.App.5th 583, 590.)  A section 1172.6 petition must include "[a] declaration by the petitioner that the petitioner is eligible for relief under this section" and indicate "[w]hether the petitioner requests the appointment of counsel."  (§ 1172.6, subd. (b)(1)(A), (C).)  On receiving such a petition, the court "shall appoint counsel" if requested and assess "whether the petitioner has made a prima facie case for relief."  (§ 1172.6, subds. (b)(3), (c).)

"[A]fter the appointment of counsel, a court looks beyond the face of the petition."  (*Patton, supra,* 17 Cal.5th at p. 563.)  The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Lewis, supra,* 11 Cal.5th at p. 971; see *People v. Curiel* (2023) 15 Cal.5th 433, 463-464.)  "[T]he record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea."  (*Patton,* at p. 568.)  "[P]etitioners confronting a record of conviction that demonstrates relief is

unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail.  It follows . . . that should a trial court encounter a material fact dispute, the court may not resolve that dispute at the prima facie stage and should instead grant petitioner an evidentiary hearing, assuming relief is not otherwise foreclosed."  (*Id.* at p. 567; accord, *Lewis*, at p. 972 ["In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'"].)

"[A] section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing.  Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not "'factfinding involving the weighing of evidence or the exercise of discretion.'"  (*Patton*, *supra*, 17 Cal.5th at pp. 565-566, fn. omitted.)  Under these circumstances, a superior court may deny a section 1172.6 petition at the prima facie stage.  (See *ibid.*)

We review de novo an order denying a petition under section 1172.6 at the prima facie stage without issuing an order to show cause.  (See *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170; *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

B.     *The Superior Court Properly Denied Cruz's Petition for Resentencing*

In his opening brief, Cruz argued the superior court erred by summarily denying his petition because it relied on testimony and evidence the People presented at the preliminary hearing. On appeal, the parties acknowledged there was a split of authority regarding the use of a preliminary hearing transcript at the section 1172.6 prima facie stage.

The California Supreme Court resolved this split in *Patton, supra,* 17 Cal.5th at page 564. *Patton* held a superior court may "rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations" in determining at the prima facie stage whether a petitioner is eligible for relief under section 1172.6. The high court concluded the petitioner in that case failed to make a prima facie showing because his petition contained only a checkbox declaration with legal conclusions and he submitted no facts to controvert the People's showing from the preliminary hearing transcript that he was the sole perpetrator of the attempted murder. (*Ibid.*) The court affirmed the denial of the petition but "out of an abundance of caution" ordered the Court of Appeal to remand the matter to the superior court with directions for the superior court to consider an amended petition should the petitioner choose to file one. (*Id.* at p. 569.) We requested supplemental briefing to address the impact of *Patton* on this appeal.

The People assert the superior court's order should be affirmed under *Patton*. According to the People, the record of conviction clearly demonstrates Cruz was the sole perpetrator and his "conclusory checkbox allegations alone could not create a

8

factual dispute about whether he played a meaningfully different role" in the attempted murder.  (*Patton, supra,* 17 Cal.5th at p. 569.)  The People argue *Patton'*s disposition—remand with directions to consider an amended petition should Cruz seek to file one within 30 days of remand—is not warranted because Cruz has never offered any facts supporting the possibility of an alternate direct perpetrator.

Cruz does not dispute he failed to make a prima facie showing but urges us to adopt *Patton*'s disposition because he is in the same position as the petitioner in *Patton*.  We follow the California Supreme Court's directive "out of an abundance of caution" and remand the matter to the superior court with directions to consider an amended petition should Cruz seek to file one within 30 days of the remand.  (*Patton, supra*, 17 Cal.5th at p. 569.)

## DISPOSITION

This matter is remanded to the superior court to consider an amended petition should Cruz, within 30 days of remand, seek to file one.  We otherwise affirm the order denying Cruz's petition for resentencing.

MARTINEZ, P. J.

We concur:

FEUER, J.                                    STONE, J.

9